IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| YOON JA KIM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | )  No. 01 cv 3895 |
| | ) |
| THE EARTHGRAINS CO., | )  Hon. Susan E. Cox |
| k/n/a SARA LEE BAKERY GROUP, | ) |
| INC., | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT SARA LEE BAKERY GROUP, INC.'S INITIAL STATUS REPORT**

Pursuant to this Court's September 7, 2007 Order and the Court's standing Order Setting Initial Status Report, Defendant Earthgrains Company, k/n/a Sara Lee Bakery Group, Inc. ("Sara Lee") submits its Initial Status Report.

**1.**     **Summary of Claims Asserted**

This is a patent infringement case. In Kim's initial complaint filed in 2001, Kim asserted that two Sara Lee products, "D'Italiano" and "Buttertop", infringe U.S. Patent No. Re 36,355 (the "'355 Patent"). (Compl., May 25, 2001.) In 2005, Kim filed an amended complaint, which asserts that five products baked by Sara Lee infringe claims 5-8 and 10 of the '355 Patent. (First Am. Compl, Jan. 3, 2005 at ¶¶ 6, 12-17.)[1] The products are the original Sara Lee products and three breads baked by Sara Lee under a licensing agreement with ConAgra -- Healthy Choice Natural Wheat Bread, Healthy Choice Seven-Grain Bread, and Healthy Choice Whole Grain Bread (the "Healthy Choice products"). (Id. at ¶¶ 12-13.) Kim asserts that Sara Lee's actions constitute direct infringement pursuant to 35 U.S.C. § 271(a). (Id. at ¶ 17.)

---

[1] Dr. Kim filed a second lawsuit, accusing additional Sara Lee products of infringement, in 2005, but that lawsuit was dismissed by the Court in its entirety in early 2006. *Kim v. Sara Lee Bakery Group, Inc.*, 412 F. Supp. 929 (N.D. Ill. 2006).

Sara Lee asserts a counterclaim for declaration of invalidity and non-infringement of the pursuant to 28 U.S.C. §§ 2201-02. (Ans. to First Am. Compl., Jan. 26, 2005 at ¶¶ 30-37.)

**2.     Statement of Relief Sought**

Kim seeks injunctive relief pursuant to 35 U.S.C. § 283, monetary damages, treble damages pursuant to 35 U.S.C. § 284, reasonable attorneys' fees pursuant to 35 U.S.C. § 285, and other relief that this Court deems just. (First Am. Complaint.) Kim's latest damages claim is $8.9 million in actual damages from late 1999 through early 2006. Sara Lee seeks injunctive relief in the form of a order declaring that Sara Lee has not, and does not, infringe the '355 Patent, that the '355 Patent is not valid, that the '355 Patent is unenforceable, as well as reasonable attorneys' fees pursuant to 35 U.S.C. § 285, reasonable costs in defending this action, and other relief that this Court deems just. (Id.)

**3.     Status of Pending Motions**

There are no motions currently pending before the Court; however the procedural posture of this case merits further explanation. Sara Lee filed a motion for summary judgment on July 14, 2006 on grounds of invalidity, non-infringement, and estoppel (estoppel with respect to the Healthy Choice Products only). At about the time Sara Lee filed its motion for summary judgment, the United States Patent and Trademark Office ("USPTO") issued an Initial Office Action rejecting the sole claims of the '355 Patent that Kim asserts Sara Lee infringed on grounds of invalidity. On July 19, 2006, the Court struck Sara Lee's motion for summary judgment with leave to re-file pending the completion of the reexamination process -- if the USPTO ruling stands and the '355 Patent continues to be held invalid, this matter is moot. (Minute Order, July 19, 2006). On January 25, 2007, the UPSTO issued a Final Office Action reaffirming its earlier decision, Kim responded to the Final Office Action, and the Court has continued status hearings in this matter pending the end of the reexamination process. On

September 18, 2007, the USPTO issued an advisory action stating that it was continuing to reject the claims asserted against Sara Lee as invalid.

**4.     Current Dates for Discovery Cut-Offs, Pre-Trial Order or Trial**

Fact discovery and expert discovery is closed in this matter. (Order, March 9, 2005.) It is expected that if Kim's claims survive Sara Lee's renewed motion for summary judgment, each party will need to supplement their expert damages report.

**5.     Earliest Date Parties Will Be Available for Trial**

If the '355 Patent survives the reexamination, Sara Lee intends to move for summary judgment. If that motion is denied, Sara Lee will need an additional 3 months to prepare for trial.

**6.     Status of Settlement Discussions**

Kim made a formal settlement demand on March 8, 2006. Sara Lee considered the demand, but Sara Lee viewed the demand as an unrealistic, unproductive demand. Dr. Kim did not provide Sara Lee with an itemization of damages and settlement demand as required by the Court in its standing Order Setting Initial Status Report.

Respectfully submitted,

**SARA LEE BAKERY GROUP**

By:     s/Craig C. Martin
        Craig C. Martin

Craig C. Martin (Atty. No. 06201581)
Elizabeth L. Fine (Atty. No. 06282854)
JENNER & BLOCK LLP
330 N. Wabash
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 840-7776
cmartin@jenner.com                                            Dated:  September 20, 2007

## **CERTIFICATE OF SERVICE**

        I, Elizabeth L. Fine, an attorney, hereby certify that, I caused a copy of the foregoing **DEFENDANT SARA LEE BAKERY GROUP INC.'S INITIAL STATUS REPORT** to be served upon the following by e-mail and U.S. Mail on September 20, 2007:

        Yoon Ja Kim
        Research Resources, Inc.
        913 Frances Parkway
        Park Ridge, IL 60068
        ykajin@gmail.com
        *Plaintiff*

        s/Elizabeth L. Fine
        Elizabeth L. Fine