**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| YOON JA KIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 01 cv 3895 |
| | ) | |
| THE EARTHGRAINS CO., | ) | Honorable Susan E. Cox |
| k/n/a SARA LEE BAKERY GROUP, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION**
**FOR PARTIAL SUMMARY JUDGMENT ON APPLICABLE DAMAGES PERIOD**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................1

II.    UNDISPUTED MATERIAL FACTS ...................................................................2

      A.     Litigation History.....................................................................................2

      B.     Reissue Claims.........................................................................................2

           1.     Independent Claim 5 .....................................................................2

           2.     Dependent Claims 6 - 8.................................................................3

           3.     Independent Claim 10 ...................................................................3

      C.     Reexamination History .............................................................................3

      D.     Substantive Changes To Claims ..............................................................4

      E.     Reasons for Allowance .............................................................................5

III.   ARGUMENT ......................................................................................................5

      A.     Legal Standards........................................................................................5

      B.     Claims Were Substantively Changed.......................................................8

IV.   CONCLUSION...................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*AFG Indus., Inc. v. Cardinal IG Co., Inc.*,
  239 F.3d 1239 (Fed. Cir. 2001) ........................................................................ 7

*Bloom Eng'g Co., Inc. v. North Am. Mfg. Co.*,
  129 F.3d 1247 (Fed. Cir. 1997) .................................................................. 6, 7, 8

*CIAS, Inc. v. Alliance Gaming Corp.*,
  504 F.3d 1356 (Fed. Cir. 2007) ........................................................................ 7

*Ex Parte Davis*,
  80 U.S.P.Q. 448 (1948)..................................................................................... 7

*In re Gray*,
  53 F.2d 520 (C.C.P.A. 1931) ............................................................................ 7

*Laitram Corp. v. NEC Corp.*,
  163 F.3d 1342 (Fed. Cir. 1998) .............................................................. 5, 6, 7, 8

*Markman v. Westview Instruments, Inc.*,
  52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd* 517 U.S. 370, 116 (1996) ................... 6

*PPG Indus., v. Guardian Indus. Corp.*,
  156 F.3d 1351 (Fed. Cir. 1998) ........................................................................ 7

**STATUTES**

35 U.S.C. § 252 ................................................................................................... 5

35 U.S.C. § 307 ................................................................................................... 5

**OTHER AUTHORITIES**

*Chisum on Patents* § 8.06 ................................................................................. 6, 7

Fed. R. Civ. P. 56(c) ........................................................................................... 5

## I.      INTRODUCTION

To simplify the issues to be tried in this case, Defendant Earthgrains Company, k/n/a Sara Lee Bakery Group, Inc., ("Sara Lee"), moves for partial summary judgment limiting the applicable damages period to after March 31, 2009, the date of the issuance of the reexamination certificate now at issue in this case.  This memorandum of law in support of the motion addresses why the applicable damages period is so limited as a matter of law.[1]  The resolution of this issue in advance of trial will simplify the potential proofs at trial.

The claims of Plaintiff's U.S. Patent Re. 36,355 ("the '355 reissue patent") have substantively changed in scope during this litigation as a result of a reexamination proceeding and so, as a matter of settled law, even if Plaintiff could prove infringement of a valid patent claim (and she cannot) damages can only be recovered from March 31, 2009, the date of the issuance of the Reexamination Certificate.

There are two strong, separate reasons why it is clear that the '355 patent claims have substantively changed during reexamination: (1) the asserted claims' "transition phrase" was amended from the well-known open phrase "consisting essentially of" to the well-known closed phrase, "consisting of," thereby limiting the compositions that are covered by the claims and (2) the amendment was necessary to overcome prior art that invalidates the unamended claims. Each of these is an indisputable reason that, as a matter of law, the damages period should be limited.

---

[1]  Issues of infringement and validity are still pending in this case, as are other damages issues, but these are not addressed here.

## II.     UNDISPUTED MATERIAL FACTS

The undisputed material facts supporting this motion are detailed in the accompanying "Statement of Undisputed Materials Facts."[2] For context, certain specific undisputed material facts are also set forth below.

### A.     Litigation History

In 2001, Plaintiff Yoon Ja Kim ("Dr. Kim") filed this lawsuit against Sara Lee accusing Sara Lee of infringing her '355 reissue patent that issued in 1999.  (Facts ¶ 5.)  The '355 reissue patent entitled, "Potassium Bromate Replacer Composition," is related to flour-based mixes, bases, breads and other flour-based products.  (Facts ¶¶ 10-15.)  The original complaint in this case alleged infringement by two products, D'Italiano Italian Bread and Buttertop Wheat Bread. (Facts ¶ 5.)  Plaintiff filed a First Amended Complaint on January 3, 2005, to include Healthy Choice® breads made and sold by Sara Lee.[3]  (Facts ¶ 6.)

### B.     Reissue Claims

The asserted claims of the '355 reissue patent prior to reexamination (the "original asserted claims") included:

#### 1.     Independent Claim 5

A potassium bromate replacer composition "consisting essentially of" three ingredients in specified proportions:  (a) ascorbic acid, (b) a food acid (selected from a list), and (c) flour. (Facts ¶ 11.)

---

[2]  Reference to undisputed material facts in the accompanying motion will be cited as "Facts ¶" in this memorandum.

[3]  Collectively, D'Italiano, Buttertop and Healthy Choice® are referred to herein as the "Accused Products."

2.  **Dependent Claims 6 - 8**

The composition of claim 5 plus certain additional limitations, such as the food acid acting to slow down oxidation of ascorbic acid, stated in the respective claims.  (Facts ¶¶ 12-14.)

3.  **Independent Claim 10**

A potassium bromate replacer composition "consisting essentially of" four ingredients in specified proportions:  the three ingredients in claim 5, namely, (a) ascorbic acid, (b) food acid, and (c) flour, along with a fourth ingredient, (d) yeast food.  (Facts ¶ 15.)

C.  **Reexamination History**

Starting in September 2005, the '355 reissue patent was subject to reexamination by the United States Patent and Trademark Office ("PTO").  (Facts ¶ 16-17.)  This case was effectively stayed during that reexamination.  (Facts ¶ 18.)  Reexamination of a patent is granted by the PTO if the prior art raises substantial new questions of patentability.  (Facts ¶ 17.)  U.S. Patent No. 2,149,682 to Jorgensen (the "Jorgensen patent" or "Jorgensen"), teaches the use of lemon juice as a potassium bromate replacer in a bread mix.  Lemon juice naturally contains both ascorbic acid and citric acid, one of the claimed "food acids."  Lemon juice added to a bread mix, as taught by Jorgensen, falls directly within the claimed ranges set forth in the original asserted claims.  (Facts ¶ 20.)  The PTO granted reexamination of the '355 reissue patent in order to review the patentability of those claims over the prior art, including the Jorgensen patent.  (Facts ¶ 17.)

The Examiner in the reexamination proceeding issued multiple Office Actions rejecting the claims of the '355 reissue patent based upon the Jorgenson patent's teaching of the combination of ingredients required by the claims.  (Facts ¶¶ 20, 21, 24, 28, 29, and 33-36.)  Each Office Action was followed by a response from Dr. Kim.  (Facts ¶¶ 23, 25, 30, and 37.)  On January 25, 2007, the PTO issued a Final Rejection of claims 5-8 and 10.  (Facts ¶ 24.)  After

3

various prosecution activities not relevant to this motion, an appeal brief was filed by Dr. Kim on May 19, 2008.  (Facts ¶ 37.)

After an interview on December 24, 2008, Dr. Kim amended[4] claims 5 and 10, and the PTO issued Reexamination Certificate RE 36,355 F1 ("the Reexamination Certificate") on March 31, 2009.  (Facts ¶¶ 38, 39, and 44.)  The Reexamination Certificate cancelled claim 6, confirmed the validity of non-asserted claims 1, 3, 4, and 9, and issued amended independent claims 5 and 10 and dependent claims 7 and 8 (the "newly amended claims").  (Facts ¶ 41.)  It is not disputed that claims 5 and 10 were amended during the reexamination and contain new claim language different from the prior language in the claims.  (Facts ¶¶ 45, 46.)

### D.     Substantive Changes To Claims

The first substantive amendment to the asserted claims relates to the transition phrase in both independent claims 5 and 10.  Originally, the claims included the transition phrase "consisting essentially of."  Following the Amendment, the transition phrase was changed so that the claims are now limited to compositions "consisting of" the listed ingredients in the claim. (Facts ¶¶ 45 and 46.)

The second substantive change was the addition of all of the language from dependent claim 6 into claims 5 and 10.  The entire limitation "wherein said food acid is present in an effective amount that slows down oxidation of ascorbic acid to dehydroascorbic acid during a manufacturing process of yeast-leavened products" was added to independent claims 5 and 10, thereby cancelling claim 6.  (Facts ¶ 45 and 46.)

---

[4]  During a telephone interview, the Examiner and Dr. Kim agreed upon the amended claim language in order to overcome prior art and to make the claims allowable.  To expedite the process, the changes were made in an "Examiner's Amendment" as agreed to by Dr. Kim.

### E.  Reasons for Allowance

In allowing the claims to issue after the Amendment, the Examiner stated that by, "amending the claims to change the composition from 'consisting essentially of' to 'consisting of', Patent Owner has **closed** the claimed potassium bromate replacer composition is (*sic*) limited to the composition recited in the independent claims 5 and 10 to just the claimed amounts of ascorbic acid, food acid, and flour."  (Facts ¶ 42.)  (emphasis added.)  The Examiner further explained that the composition in the Jorgensen patent had other ingredients, such as water, and that those "additional ingredients make the bread dough composition of the Jorgensen patent outside the scope of claims 5 and 10" as amended to cover only compositions that consist of the recited ingredients.  (Facts ¶ 42.)

## III.  ARGUMENT

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

Here, summary judgment as to the applicable damages period is proper because there is no genuine issue of material fact: it is undisputed that the original asserted claims were changed during reexamination and the determination that the changes were substantive is a matter of claim construction, a legal issue for the Court.  Without question, the proper determination is that the claims were substantively changed and now are narrower in scope than the original asserted claims, which were unquestionably invalid as originally written.

### A.  Legal Standards

If a substantive change to a patent claim occurs during reexamination, upon a showing of infringement the patent owner can only recover damages from the date the Reexamination Certificate was issued.  *See* 35 U.S.C. §§ 252, 307(b) (2008)*; Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346, 1348-49 (Fed. Cir. 1998) (court held no infringement damages prior to the

issuance of the Reexamination Certificate for narrowed claims); *Bloom Eng'g Co., Inc. v. North Am. Mfg. Co.*, 129 F.3d 1247, 1249-51 (Fed. Cir. 1997) (no damages for infringement prior to reexamination of substantively changed claims).  There is also an irrebuttable presumption that the original claims were materially flawed.  *Id.* at 1249.

To determine whether a patent claim has substantively changed, the Court is to analyze the claims of the original and the reexamined patents in light of the pertinent intrinsic evidence, including the prior art and the prosecution history.  *Laitram*, 163 F.3d at 1347.  This determination is for the Court.  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), *aff'd* 517 U.S. 370, 116 (1996) ("interpretation and construction of patent claims, which define the scope of the patentee's rights under the patent, is a matter of law, exclusively for the court").

Claims are written in three parts:  preamble, transition phrase, and body.  *See* 3 Donald S. Chisum, *Chisum on Patents* § 8.06[1][b] (Matthew Bender 2007).  The preamble starts the claim and gives an indication of the general subject matter.  The body sets forth the specific limitations of the claim.  At issue here is the transition phrase, the portion of the claim that relates the preamble to the body of the claim and indicates whether the claim is "open" or "closed" to elements in addition to the recited limitations.  As a general matter, there are three recognized transition phrases:

(1) "comprising" that leaves the claim **open** for the inclusion of any unspecified ingredients even in major amounts;

(2) "consisting of" that **closes** the claim to the inclusion of any materials other than those recited in the body of the claim (except for ordinary impurities), and

(3) "consisting essentially of" which lies between comprising and consisting of and leaves the claim **partly open only to** those ingredients the do not materially affect the basic and novel characteristics of the composition.

*Ex Parte Davis*, 80 U.S.P.Q. 448, 450 (1948); *see e.g.*, *Chisum on Patents* § 8.06[1][b][ii][B] ("consisting of" means that the claim covers devices having the recited elements and no more); *AFG Indus., Inc. v. Cardinal IG Co., Inc.*, 239 F.3d 1239, 1245 (Fed. Cir. 2001) ("'[C]losed' transition phrases such as 'consisting of' are understood to exclude any elements, steps, or ingredients not specified in the claim); *PPG Indus., v. Guardian Indus. Corp.*, 156 F.3d 1351, 1354 (Fed. Cir. 1998) ("A 'consisting essentially of' claim occupies a middle ground between closed claims that are written in a 'consisting of' format and fully open claims that are drafted in a 'comprising' format); *CIAS, Inc. v. Alliance Gaming Corp.*, 504 F.3d 1356, 1361 (Fed. Cir. 2007) (stating that in patent lexicography, it is well understood that "consisting of" is close-ended and conveys limitation and exclusion); *In re Gray*, 53 F.2d 520, 521 (C.C.P.A. 1931) (stating that the transition phrase "consists" is "drawn to" the specified elements "without other elements.").

Changing the scope of a claim constitutes a substantive change. *Laitram*, 163 F.3d at 1346-47. In *Laitram*, the claims were amended to change from a printer which generates any quality of alphanumeric characters to a printer with "type quality" alphanumeric characters. The Federal Circuit held that the added limitation changed the scope of the claims, constituting a substantive change. *Id.* at 1348-49. Similarly in *Bloom*, the addition of the claim language "separate from the combustion air stream" was held to have narrowed the scope of the claims. *Bloom Eng'g Co.*, 129 F.3d at 1251.

7

Amendment of claim language to overcome prior art is important evidence that the change is substantive.  *Laitram*, 163 F.3d at 1348.  The *Laitram* Court, for example, explained that the addition of the "type quality" limitation was significant to overcome prior art rejections. Without such an amendment, the claims were not allowable; but with the amendment they were allowable.  *Id.*  The court acknowledged that while there was no "*per se rule*," it would be difficult to conceive of a situation where a non-substantive amendment could result in a rejected claim becoming allowable.  *Id.*; *see also Bloom Eng'g Co.*, 129 F.3d at 1251 (change was necessary to distinguish from prior art, thus deemed substantive).

Here, Plaintiff's original asserted claims were substantively changed.

**B.     Claims Were Substantively Changed**

Amending the transition phrase "consisting essential of" to "consisting of" significantly narrowed the claims and allowed Dr. Kim to overcome the prior art Jorgenson patent.  (Facts ¶ 42 and 43.)  The claims as amended do not cover compositions with ingredients other than the three or four listed in the body of the claims.

The Examiner expressly stated in the Statement of Reasons for Patentability that by "amending the claims to change the composition from 'consisting essentially of' to 'consisting of', Patent Owner has **closed** the claimed potassium bromate replacer composition."  After amendment, the claims were limited "to just the claimed amounts of ascorbic acid, food acid, and flour."  (emphasis added.)  To emphasize this closure to any ingredients not listed in the claims, the Examiner further explained that as amended, the claims no longer covered the prior art Jorgensen patent because Jorgenson's compositions had other ingredients, such as water.

The reexamination proceedings clearly demonstrate that this change, made after multiple rejections by the Examiner and in order to distinguish from prior art references, was substantive.

During the reexamination proceeding, the Examiner repeatedly rejected the original asserted claims as unpatentable over the Jorgensen patent, either standing alone or in combination with other prior art references. (Facts ¶¶ 19-22, 24, 26-29, and 32-36.) Dr. Kim responded to the Jorgensen rejection with written and oral arguments, references, a declaration and an appeal brief, all to no avail. (Facts ¶¶ 23, 25, 30, and 37.) She was not able to confirm the patentability of the original asserted claims. Only after closing the claims by amending the transition phrase to "consisting of" and adding the limitation "wherein said food acid is present in an effective amount that slows down oxidation of ascorbic acid to dehydroascorbic acid during a manufacturing process of yeast-leavened products" were claims 5, 7, 8, and 10 deemed patentable over Jorgensen. (Facts ¶ 39.) Thus, the prosecution history makes clear that the claims only overcame Jorgensen after amendment of the claim language.

Because the asserted claims have substantively changed, the damages period for any potential award for infringement of these newly amended asserted claims is limited to activities occurring after the date of the Reexamination Certificate, March 31, 2009.

## IV.    CONCLUSION

For the foregoing reasons, this Court should grant partial summary judgment limiting the applicable damages period to post March 31, 2009.

Dated: December 14, 2009                    Respectfully submitted,

                                            SARA LEE BAKERY GROUP, INC.


                                            By:    */s/ Steven R. Trybus*
                                                    One of its Attorneys

Craig C. Martin
Steven R. Trybus
Olivia T. Luk
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484