# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Susan E. Cox | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3895 | **DATE** | 3/9/2011 |
| **CASE TITLE** | Yoon Ja Kim vs. The Earthgrains Company | | |

**DOCKET ENTRY TEXT**

This matter is before the Court on plaintiff's application to proceed in forma pauperis ("IFP") on appeal [dkt. 318]. Plaintiff has provided a financial affidavit, but the limited information included on the form does not comply with the requirement that she must show "in detail" her "inability to pay" the filing fee. We simply cannot determine, on this record, that she is unable to pay. We must, therefore, deny plaintiff's motion to proceed in forma pauperis. The Clerk is directed to provide notice as required by Federal Rule of Appellate Procedure 24(a)(4). Plaintiff has thirty days from the date of receiving such notice to file a motion to proceed in forma pauperis with the Court of Appeals. The Clerk of Court is directed to mail a copy of this order to Yoon Ja Kim, 913 Frances Parkway, Park Ridge, IL, 60068, via certified mail, return receipt requested.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This matter is before the Court on plaintiff's application to proceed in forma pauperis ("IFP") on appeal [dkt. 318]. Plaintiff seeks to appeal this Court's February 4, 2011 order - granting defendant's motion for summary judgment on plaintiff's infringement claims - without prepayment of fees. We previously granted plaintiff permission to proceed in forma pauperis in the district court but, after defendant filed a motion to dismiss, found "no question that [plaintiff's] IFP application contain[ed] false statements," and revoked that privilege.[1] Prior to ruling, we conducted an evidentiary hearing and requested briefing on the issue. We learned that plaintiff "paid her research and living expenses using her father's inheritance and still [had] money from her father's inheritance."[2] We also found that plaintiff "wrote in her IFP application's additional information letter that her parent's inheritance supports her patent's research and development."[3] It also became clear that "she owned a house in the U.S., a one-sixth share in a five-story commercial building in Korea, and a one-sixth share in her family's forest in Korea."[4] Even so, we acknowledged that after nine years of financing this litigation, the records revealed that she nonetheless found herself in a precarious financial state.

A party that was granted leave to proceed in forma pauperis in the district court may continue to proceed in forma pauperis on appeal, without additional authorization, unless the district court certifies that the appeal is not taken in good faith or finds that the party is not entitled to proceed in forma pauperis.[5] Here, there is no issue as to the good faith of plaintiff's appeal, as we have previously noted that this case is appropriate for appeal.[6] But, as stated above, during plaintiff's district court proceedings we found that she was no longer entitled to proceed in forma pauperis simply due to her financial status. Then, and now, plaintiff must meet the indigence requirement of Title 28 of United States Code Section 1915(a)(1), which requires that she be unable to pay the filing fee. On appeal that fee is $450.

| STATEMENT |
|---|
| On this record, we are unable to say that she cannot pay this amount. Plaintiff acknowledges in her application and financial affidavit that she receives social security payments of $694 and an additional $376.22, from what she states is the "County Dept.," but we do not know how often these payments are received. And, again, there is some confusion as to her ownership of property. In her application she states that she does not own property. In response to the same question, however, she lists her home address in Park Ridge, Illinois, and acknowledges that she has lived there since 1985. This is the same home she admitted to owning, and remortgaging, when we reviewed her last IFP application. Then there is her additional statement that she owns shares of property in Korea, which was a fact we discovered when we reevaluated her IFP status - and then revoked it - in response to defendant's motion to dismiss. This limited information does not clearly show plaintiff's inability to pay the filing fee. We find, rather, that we are left with some of the same questions and concerns we had when we determined that she, in fact, was not eligible for IFP status nearly 9 months ago.<br><br>Federal Rule of Appellate Procedure 24(a)(1) requires that a party wishing to proceed in forma pauperis "must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."[7] Plaintiff has provided a financial affidavit, but the limited information included on the form does not comply with the requirement that she must show "in detail" her "inability to pay" the filing fee. We simply cannot determine, on this record, that she is unable to pay. We must, therefore, deny plaintiff's motion to proceed in forma pauperis. The Clerk is directed to provide notice as required by Federal Rule of Appellate Procedure 24(a)(4). Plaintiff has thirty days from the date of receiving such notice to file a motion to proceed in forma pauperis with the Court of Appeals.[8] |

1. *Kim v. Earthgrains, Co.,* No. 01 C 3895, 2010 WL 2610460, *3 (N.D. Ill. June 24, 2010).

2. *Id.* at 2.

3. *Id.* at 4.

4. *Id.*

5. Fed. R. App. P. 24(a).

6. *See Pate v. Stevens,* 163 F.3d 437, 438 (7th Cir. 1998)(clarifying the district court's responsibilities when making good faith determinations under Federal Rule of Appellate Procedure 24, in that courts should not apply an "inappropriately high" good faith standard).

7. Fed. R. App. P. 24(a)(1).

8. Fed. R.App. P. 24(a)(5).